IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-02439-NRN

ERIC TARDIF, an individual,

Plaintiff,

v.

CHRISTOPHER MARTIN, an individual,

Defendant.

MINUTE ORDER

Entered by Magistrate Judge N. Reid Neureiter

     Upon consideration of the parties' briefing on Defendant's Verified Motion to Dismiss Amended Complaint Pursuant to Fed. R. Civ. P. 12 (Dkt. #24), and the documents referenced in and attached to those briefs, the Court finds it prudent, pursuant to Rule 12(d), to treat Defendant's motion to dismiss as one for summary judgment under Rule 56, particularly with respect to the question of issue preclusion regarding the existence of an enforceable contract due in light of the determination by the California custody court.

     Accordingly, it is hereby **ORDERED** that on or before **February 25, 2022**, the parties simultaneously shall file with the Court any additional affidavits or declarations they feel are necessary to show whether there exists a genuine fact dispute on this specific question of issue preclusion. One week later (on **March 4, 2022**), the parties may file (also simultaneously) any additional rebuttal affidavits or declarations, plus, if they feel it useful, an additional short brief not to exceed seven pages in length, addressing the relevance of the supplemental materials they have submitted. There will be no additional oral argument.

     The Court will note Plaintiff's arguable mis-citation to the decision in *Bristol Bay Productions, LLC v. Lampack*, 312 P.3d 1155 (Colo. 2013). Plaintiff cites that case for the proposition that the Colorado Supreme Court "reversed an order granting a motion to dismiss on issue preclusion grounds because the trial court's 'consideration of the California court records, which included trial transcripts, as well as its consideration of affidavits from counsel, went beyond what is permissible absent conversion to a summary judgment motion.'" In reality, in that case the Colorado Supreme Court actually affirmed the trial court's issue preclusion-based termination of the suit after it had analyzed the trial record from a prior case in California. *See Bristol Bay Productions,* 312 P.3d at 1163 ("We hold that Bristol Bay's Colorado action is barred on

issue preclusion grounds because the identity of the defendants in this case is not relevant to the causation element Bristol Bay must prove to prevail on its fraud and fraud-based claims. Hence, we affirm that portion of the court of appeals' decision applying issue preclusion to bar Bristol Bay's Colorado action.").

The Colorado Supreme Court in *Bristol Bay* then decided a second question: whether the dismissal was appropriate under Colorado's Rule 12(b)(5) [the Colorado state equivalent of Federal Rule 12(b)(6)] or whether, instead, it should have been decided under Rule 56 and treated as a motion for summary judgment. Even though the Colorado Supreme Court appeared to agree that it is appropriate on a motion to dismiss to take judicial notice of and consider authentic court records, 312 P.3d at 1165, without explaining exactly why, it concluded that in *Bristol Bay* the trial court had considered so much "voluminous material" from the California action, that it had exceeded what was permissible absent a conversion to a summary judgment motion. *Id.*

In *Bristol Bay*, the Colorado Supreme Court's conclusion that the motion to dismiss should have been converted to a motion for summary judgment did not change the outcome and did not result in any remand to the trial court for any additional proceedings. The Rule 12(b)(5)/Rule 56 distinction was relevant only to whether Colorado's fee-shifting statute for dismissed tort claims came into play. *Id.* The Supreme Court ultimately held that because Colorado's Rule 56 should have been the appropriate procedure for resolving the case, Bristol Bay was not liable for attorney's fees under Colorado's attorney fee-shifting statute. But there was no problem with the trial court analyzing the *Bristol Bay* complaint, comparing those allegations to what had transpired in California state court, and deciding from the outset about whether the doctrine of issue preclusion barred the Colorado lawsuit.

Date: February 7, 2022